**WO** LMH

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Ulises Marquez Majalca,      ) | No. CV 05-4002-PHX-SMM (ECV) |
| Plaintiff,      ) | **ORDER** |
| vs.      ) | |
| Joseph Arpaio,      ) | |
| Defendant.      ) | |

In this civil rights action brought by a former county jail inmate, Defendant moved to dismiss for lack of exhaustion (Doc. #8). Plaintiff filed a combination response and application for default (Doc. #11). Defendant responded to the application for default and replied to Plaintiff's response (Doc. ##12, 14). The Court will deny Plaintiff's motion for default and grant Defendant's Motion to Dismiss.

**I. The Exhaustion Requirement**

Plaintiff must first exhaust "available" administrative remedies before bringing this action. See 42 U.S.C. § 1997e(a); Vaden v. Summerhill, 449 F.3d 1047, 1050 (9th Cir. 2006); Brown v. Valoff, 422 F.3d 926, 934-35 (9th Cir. 2005). He must complete the administrative review process in accordance with the applicable rules. See Woodford v. Ngo, 126 S. Ct. 2378, 2384 (2006). Exhaustion is required for all suits about prison life, Porter v. Nussle, 534 U.S. 516, 523 (2002), regardless of the type of relief offered through the administrative process, Booth v. Churner, 532 U.S. 731, 741 (2001).

Defendant bears the burden of raising and proving the absence of exhaustion. Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003).  Because exhaustion is a matter of abatement in an unenumerated Rule 12(b) motion, a court may look beyond the pleadings to decide disputed issues of fact.  Wyatt, 315 F.3d at 1119-20.  Further, a court has broad discretion as to the method to be used in resolving the factual dispute.  Ritza v. Int'l Longshoremen's & Warehousemen's Union, 837 F.2d 365, 369 (9th Cir. 1988) (quotation omitted).

**II. Procedural Background**

In his Complaint, Plaintiff alleged that the Maricopa County jails were overcrowded, the meals were inadequate, and the medical care was inadequate (Doc. #1 at 4-6).  For each of his counts, he admitted that he did not complete the grievance process, but asserted that "[t]his is not a grievable issue" (Id.).

Defendant Maricopa County Sheriff Joseph Arpaio moved to dismiss, contending that Plaintiff did not grieve any of his claims in the available process and one of his claims was time-barred (Doc. #8). In support, Defendant submits a copy of the jail's internal grievance process and a copy of the Rules and Regulations provided to inmates describing the process (Exs. 1A & 1C, Doc. #8).  Also attached is the affidavit of Sergeant Tademy, who tracks grievances and attests that Plaintiff did not file any during the time he was in custody at the jail (Tademy Aff. ¶¶ 1-2, 10-11, Ex. 1, Doc. #8).

The Court issued an Order informing Plaintiff about his rights and obligations to respond to the motion (Doc. #9).  The Order specifically informed Plaintiff that if Defendant produced admissible evidence showing that he failed to exhaust, Plaintiff's action would be dismissed unless he produced admissible evidence to show that he exhausted (Id. at 2).

Plaintiff was required to respond by August 21, 2006, and he filed a combination response and application for default, which he entitled: "Motion: Applying for Default of Judgment. See Rule 55(a). Response to Due Date 8-21-2006" (Doc. #11).  He did not explain the basis for the default and instead, set forth one paragraph claiming that he was told that he could not have the forms to start the grievance process because his claims were not

- 2 -

grievable issues (Id.). He stated that he can provide witnesses, but he did not name them nor describe their testimony (Id.). He asserted that he can obtain records to "show a pattern of jail officials preventing the grievance process with deliberate indifference" (Id.).

Defendant responded that default is inappropriate because they have pleaded or otherwise defended by moving for dismissal (Doc. #12). Defendant replied that Plaintiff did not identify the officers who told him that his claim was not grievable nor describe the circumstances, that Plaintiff did not attempt to obtain a grievance form from a shift supervisor, hearing officer or jail commander, and that Plaintiff did not identify his witnesses or their testimony (Doc. #14 at 2, 4).

**III. Analysis**

**A. Default**

Plaintiff seeks default judgment, and he cites Rule 55(a) but does not set forth any contentions regarding why he believes Defendant is in default. It is plain from the record, however, that Defendant did not timely serve his Motion to Dismiss. The motion was filed on July 18, 2006, but was due by April 29, 2006 if served by mail (Doc. ##6, 8). See Fed. R. Civ. P. 6(e), 12(a), (b). Plaintiff, however, has not contended why entry of default is appropriate. Default judgments are disfavored, as cases should be decided on their merits. Eitel v. McCool, 782 F.2d 1470, 1472 (9th Cir. 1986). The "good cause" under Fed. R. Civ. P. 55(b) to set aside entry default includes consideration of whether defendant's culpable conduct led to the default, whether the defendant has a meritorious defense, and whether there is prejudice to the plaintiff. TCI Group Life In. Plan v. Knoebber, 244 F.3d 691, 696 (9th Cir. 2001). There is no evidence that Defendant's delay was culpable, and Plaintiff has not argued that he was prejudiced by the untimeliness of Defendant's motion. Defendant has presented a potentially meritorious defense of the absence of exhaustion. Accordingly, the Court will deny Plaintiff's motion for entry of default.

**B. Exhaustion**

As stated, Defendants bear the burden of demonstrating what remedies are "available." See Wyatt, 315 F.3d at 1119; Brown, 422 F.3d at 936-37. Defendant has

1 demonstrated that the jail has a grievance system and that inmates are informed about the
2 system in the Rules and Regulations provided to them during the booking process (Tademy
3 Aff. ¶¶ 4-7). Defendant has also shown that inmates are not limited in the types of issues that
4 may be grieved (Id. ¶ 9).

5 Plaintiff asserted that he was not provided with forms, and he was told that his issues
6 were not grievable. It is true that when prison employees refuse to provide forms when
7 requested, the inmate does not have any "available" remedy. See Dale v. Lappin, 376 F.3d
8 652, 656-57 (7th Cir. 2004) (*per curiam*); accord Mitchell v. Horn, 318 F.3d 523, 529 (3d
9 Cir. 2003); Miller v. Norris, 247 F.3d 736, 740 (8th Cir. 2001). The difficulty with
10 Plaintiff's allegations, however, are that they are too general. He has not named the persons
11 who allegedly refused to provide him with a grievance form for each of his three counts for
12 relief. It is unclear whether it was the same person or whether different persons were
13 involved.

14 Also, Plaintiff has indicated that he has witnesses, but he has not submitted testimony
15 from any of them nor has he stated that he needed additional time to obtain their testimony.
16 Plaintiff received ample warning that he was required to submit evidence showing that he
17 exhausted the remedies that were available (Doc. #9). See Wyatt, 315 F.3d at 1114 n. 6 (the
18 district court bears the responsibility of ensuring that a pro se litigant receives fair notice of
19 the requirements in responding to a dispositive motion). His failure to submit any evidence
20 after being warned about his obligation to do so and his failure to request additional time to
21 obtain discovery is fatal to his position. Compare Taylor v. List, 880 F.3d 1040, 1045 (9th
22 Cir. 1989) (summary judgment "cannot be defeated by relying solely on conclusory
23 allegations unsupported by factual data"). The Court finds that Defendant has carried his
24 burden of showing that Plaintiff failed to exhaust available remedies. Given the lack of
25 exhaustion, the Court declines to reach the time-bar issue. Accordingly, the Court will grant
26 Defendant's motion.

27 / / /
28 / / /

**IT IS ORDERED:**

(1)  Plaintiff's Motion for Entry of Default (Doc. #11) is **denied**.

(2)  Defendant's Motion to Dismiss (Doc. #8) is **granted**.  The Clerk of Court must enter a judgment of dismissal without prejudice.

DATED this 19th day of October, 2006.

Stephen M. McNamee
United States District Judge